IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 97-10427

Summary Calendar

―――――――――――――

GAY LYNN UNDERWOOD; GARY WAYNE
UNDERWOOD,

                                    Plaintiffs-Appellants,

versus

FRANKLIN LIFE INSURANCE COMPANY,

                                    Defendant-Appellee.

―――――――――――――

Appeal from the United States District Court
For the Northern District of Texas
(1:96-CV-132-C)

―――――――――――――

October 27, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs Gay Lynn Underwood and Gary Wayne Underwood
appeal the take nothing judgment entered against them by the
district court in their diversity action against defendant
Franklin Life Insurance Company.  We affirm.

     In its findings of fact, the district court determined that
Franklin issued a life insurance policy in 1968, insuring the
life of one James E. Underwood for a face value of $25,000.  The

―――――――――――――

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy owner was Citizens National Bank in Abilene, Texas, as trustee for four trusts set up for Underwood's twin children, Gay Lynn and Gary Wayne. If it matured as a death claim, the insurance policy provided that its benefits should be directed to Citizens National Bank as trustee for the Underwood trusts. The policy never named James Underwood or the children as either owners or beneficiaries. The policy provided that its ownership or beneficiary terms could be altered if the owner filed a new ownership or beneficiary designation at Franklin's home office.

By 1981, the trusts named in the policy had terminated naturally. In 1981, 1989, and 1990, Franklin sent Citizens (and its successors-in-interest) change of ownership and/or change of beneficiary forms for the policy. Citizens and its successors never executed these forms. In 1991, Franklin received a letter from David Hooper, acting as an attorney for James Underwood. Hooper enclosed a payment for the policy's annual premium and he requested a change of ownership form; Franklin then requested additional information from Hooper so that Franklin could prepare the forms, but Hooper never responded.

On March 15, 1994, Hooper informed Franklin that James Underwood had died on April 10, 1993. Knowing that the trusts had terminated, on March 23, 1994, Franklin informed Hooper that Franklin was going to pay the insurance benefits to James Underwood's estate. Hooper responded by letter dated March 24,

2

1994, in which he acknowledged the reasons for payment and the payee and he provided Franklin with Letters Testamentary in which Leonard Underwood was appointed Executor of the Estate of James Underwood. On March 29, two weeks after it was notified of Underwood's death, Franklin sent Hooper a check for $25,000, payable to Leonard Underwood. The check was cashed on April 6, 1994.

On May 16, 1994, Franklin received a letter from plaintiff Gay Lynn Underwood demanding payment of the insurance policy to herself and her brother. The letter was prepared by David Hooper, the same attorney who had just received the $25,000 on behalf of James Underwood's estate. The district court found that the proceeds of the policy had been paid by Franklin to Underwood's estate with full knowledge of the plaintiffs. Nevertheless, the plaintiffs sued Franklin, claiming they were entitled to the insurance benefits and that Franklin should pay out the benefits a second time.

The district court concluded that the plaintiffs were entitled to no damages under the relevant Texas statutes for Franklin's payment of the insurance benefits to the estate rather than the plaintiffs. Alternatively, it held that the plaintiffs' claim was barred by the doctrines of waiver, estoppel, and laches because of their effective ratification of Franklin's payment to the estate. Following trial, as per the district court's order,

3

the independent executor entered into a stipulation, dividing the $25,000 equally between Gay Lynn and Gary Wayne Underwood.

We find that the district court did not abuse its discretion in awarding no damages to the plaintiffs based upon Franklin's conduct. Franklin acted reasonably in this situation. It repeatedly attempted to secure a change of ownership or beneficiary for the insurance policy. Because the owner of the policy never complied, Franklin was faced with the prospect of paying insurance proceeds to a non-existent beneficiary. Instead, it followed the sensible course of forwarding the proceeds to the estate of the insured. Cf. Higgins v. McElvee, 680 S.W.2d 335, 342 (Mo. App. 1984).

In no way were the plaintiffs legally entitled to direct payment by Franklin of the proceeds. The insurance policy contained a provision requiring that any change of beneficiary be secured by a written request to Franklin. No such request having been made, the plaintiffs were not official beneficiaries of the policy. Such change-of-beneficiary provisions in insurance contracts are binding on the courts. See Teaff v. Ritchey, 622 S.W.2d 589, 593 (Tex. App.--Amarillo 1981, no writ).

Plaintiffs claim damages from Franklin for violation of the prompt payment statute of the Texas Insurance Code. Tex. Ins. Code art. 21.55(6). The prompt payment statute, however, provides for damages when an insurer fails to pay on a claim made

4

by an insured, a policyholder, or a beneficiary of the policy. As the plaintiffs were neither the insured, policyholders, nor beneficiaries, they have no redress under the statute.

Finally, as the district court found, the plaintiffs had full knowledge that Franklin was to pay the proceeds to James Underwood's estate.  Yet they made no effort to prevent Franklin from doing so.  Rather, by allowing their attorney to deliver the proceeds of the policy to the executor, the plaintiffs ratified Franklin's actions.  Their claims for damages are barred by the doctrines of ratification, estoppel, and waiver.  See, e.g., Southwestern Investment Co. v. Alvarez, 442 S.W.2d 862, 866 (Tex. Civ. App.--El Paso 1969, reformed by deleting punitive damages and affirmed, 453 S.W.2d 138 (Tex. 1970)) (estoppel); Ford v. Culberson, 308 S.W.2d 855, 864-65 (Tex. 1985) (waiver); Branham v. Prewitt, 636 S.W.2d 507, 512 (Tex. App.--San Antonio 1982, writ ref'd n.r.e.) (ratification).  Nor do plaintiffs deserve any attorneys' fees.

AFFIRMED.